UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hollis J. Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, DHS et al., | |
| Defendants. | |

---

Plaintiff Hollis Larson filed a civil complaint alleging various violations of federal and state law, including violations of the Americans with Disabilities Act (ADA), *see* 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act, *see* 42 U.S.C. § 794, and 42 U.S.C. § 1983. (ECF No. 1.) Mr. Larson did not pay the filing fee for this action. Instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP Application"), (ECF No. 2), and affidavit in support (ECF No. 3). The IFP Application is now before the Court for consideration pursuant to 28 U.S.C. § 1915.

Mr. Larson is a civil detainee at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. (ECF No. 1.) He claims he has not been employed since August 2003 and that in the last 12 months he has not received any money from "business, profession, self-employment; rent payments, interest, or dividends; pensions, annuities, or life insurance payments; gifts or inheritances; or any other sources." (ECF No. 3 ¶ 5.) He says that he defaulted on his student loan debt of $2,500. (*Id.* at ¶ 9.) However, he also claims to own approximately $1,500 in cash. (*Id.* at ¶ 6.)

1

"The central question in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.,* No. 15-cv-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)), *report and recommendation adopted*, 2015 WL 5778478 (D. Min. Oct. 1, 2014).

The Court recognizes that Mr. Larson's assets are limited and that he has student loan debt. That said, the Court also recognizes that he has not been making payments on that loan and, as a civil detainee at MSOP, his expenses are limited. Mr. Larson does not suggest that his circumstances or living expenses may soon change. Thus, his assets—specifically the $1,500 in cash that he owns—cannot be described as negligible or merely nominal. *See, e.g.*, *Brown v. Dinwiddie*, 280 F. App'x 713, 715–16 (10th Cir. 2008) (denying IFP application when detainee had $850.00 in his savings account). Accordingly, based on the information provided in Mr. Larson's affidavit (ECF No. 3) in support of his IFP Application (ECF No. 2), the Court concludes Mr. Larson does have the resources to pay the statutory filing fee of $402.00 and is not truly indigent. Mr. Larson's IFP Application is therefore denied.

Mr. Larson may pay the statutory filing fee of $402.00, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant. However, Mr. Larson must pay the full amount of the $402 filing fee within 20 days after the date of this order, otherwise he will be deemed to have abandoned this action, and it may be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Hollis J. Larson's Motion to Proceed *In Forma Pauperis* (ECF No. [2]) is **DENIED**.

2. Mr. Larson must pay the full filing fee of $402 within 20 days after the date of this order, failing which it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: June 23, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge