UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hollis J. Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services et al., | |
| Defendants. | |

---

This matter is before the Court on Mr. Larson's: Verified Motion for Court to Effect Service Upon Defendant Lindlbauer ("Motion to Effect Service") (ECF No. 34); Verified Motion for Contempt Order and/or Judgment by Default Against Defendants Nicole Boder, Terrance Kneisel, John Barry, and Elizabeth Peterson, or for any Other Appropriate Relief ("Motion for Contempt and Other Relief") (ECF No. 37); and Verified Motion for Clarification Regarding Service of Unserved Defendants and/or to Compel Defendants' Counsel to Waive or Accept Service for Those Defendants and for Appointment of Counsel ("Motion to Compel") (ECF No. 42).

Mr. Larson's Motion to Effect Service states that, despite his diligent attempts, Mr. Larson has not been able to serve Defendant Lindlbauer because MSOP policy prohibits him from obtaining Mr. Lindlbauer's home address. He seeks a court order pursuant to Fed. R. Civ. P. 4(c)(3) directing the U.S. Marshals Service or a person appointed by the Court to effectuate service of process on his behalf. (ECF No. 34.) Mr. Larson's Motion for Clarification and Motion for Contempt and Other Relief similarly seek various forms of relief to effectuate service on presently unserved Defendants. (ECF No. 42; ECF No. 37.) Mr. Larson's Motion for Contempt and Other

1

Relief additionally requests a contempt order and default judgment against certain Defendants on grounds that they have refused to accept service of process. (ECF No. 37 at 1–2.)

On October 12, 2023, the Court entered an Order to Show Cause directing defense counsel to address: (1) whether MSOP policy impeded Mr. Larson's attempts to effect service on Mr. Lindlbauer; (2) whether Mr. Larson's assertions regarding MSOP policy might apply to any other Defendant who remains unserved in this action, and if so, those Defendants' identities; and (3) whether counsel is authorized and willing to accept service on behalf of Mr. Lindlbauer and any other similarly-situated Defendants. (ECF No. 35 at 1–2.)

Defense counsel Paul Ziezulewicz represents that he is presently authorized to accept or waive service on behalf of all unserved Defendants in their individual and official capacities, expect for Michael Woods in his individual capacity, by answering or otherwise responding to the Complaint at a time the Court directs. (ECF No. 38 at 4-5.) If Mr. Woods receives defense and indemnity, Mr. Ziezulewicz will also represent Mr. Woods and accept or waive service on Mr. Woods' behalf. (*Id.*) Mr. Ziezulewicz requests that the Court reset the deadline for all Defendants to respond to the Complaint, from January 2, 2024 to December 1, 2023. (*Id.*)

Based on Mr. Ziezulewicz's representations, the Court orders all served and unserved individual and official capacity Defendants who are represented by Mr. Ziezulewicz to respond to Mr. Larson's Complaint on or before December 1, 2023, *see, e.g.*, *Channon v. Tavangar*, 18-cv-1283010, 2019 WL 1283010, at *4 (D.N.M. March 20, 2019) (noting that a party may waive process and appear voluntarily) (citing *Shelton v. Tiffin*, 47 U.S. 163, 186 (1848)). Because defense counsel's voluntary agreement to accept service on behalf all represented Defendants moots Mr. Larson's requests for assistance with effecting service of process on those Defendants,

his requests for such relief are denied. The Court further finds that, in light of this agreement, no sanctions are warranted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. All served and unserved Defendants represented by attorney Paul Ziezulewicz shall answer or otherwise respond to the Complaint on or before December 1, 2023;

2. Mr. Ziezulewicz shall file a status update letter on December 1, 2023 indicating whether he remains unauthorized to represent any Defendant in any capacity at that time;

3. Plaintiff's Verified Motion for Court to Effect Service Upon Defendant Lindlbauer (ECF No. [34]) is **DENIED AS MOOT**;

4. Plaintiff's Verified Motion for Contempt Order and/or Judgment by Default Against Defendants Nicole Boder, Terrance Kneisel, John Barry, and Elizabeth Peterson, or for any Other Appropriate Relief (ECF No. [37]) is **DENIED AS MOOT** with respect to his various requests for relief seeking service upon these Defendants and is **DENIED** in all other respects; and

5. Plaintiff's Verified Motion for Clarification Regarding Service of Unserved Defendants and/or to Compel Defendants' Counsel to Waive or Accept Service for Those Defendants and for Appointment of Counsel (ECF No. [42]) is **DENIED AS MOOT** with respect to all Defendants other than Defendant Michael Woods in his individual capacity and **DENIED WITHOUT PREJUDICE** as to Mr. Woods in his individual capacity.

Dated: October 27, 2023                    *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge