# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Hollis J. Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Hollis J. Larson's Verified Motion for Service Expenses ("Motion") (ECF No. 46).  Mr. Larson seeks fees and costs regarding service and pro se attorneys' fees related to service in this matter totaling $1,912.00 (*id.* at 4–5).  He argues he is entitled to these expenses and fees because the defendants initially failed to waive service in this matter without cause. (*See generally* ECF No. 46.) For the reasons given below, the Court  denies the Motion.

## I.      Background

Mr. Larson filed this action (ECF No. 1) along with an application to proceed *in forma pauperis* ("IFP Application") (ECF No. 2) on June 16, 2023.  On June 23, 2023, the Court denied Mr. Larson's IFP Application (ECF No. 4).   On July 11, 2023, the Court issued an order acknowledging that Mr. Larson paid his filing fee and further stated that he must file proof of service on or before September 14, 2023 (ECF No. 10).  The Court warned Mr. Larson that if he failed to do so, it might recommend dismissal of this matter for failure to prosecute (*id.*).

On or about July 14, 2023, Mr. Larson sent waiver of service materials to the Office of the Minnesota Attorney General containing two copies of his Complaint and requesting waiver of

1

personal service (ECF No. 55).  He addressed this mailing to Minnesota Attorney General Keith Ellison and did not indicate that he was requesting service waivers from the individual Defendants in their individual or official capacities.  (*Id.*)  Defendants[1] assert that, at that time, the Attorney General's Office was not authorized to accept or waive service on behalf of any Defendants in their individual capacities because it had not yet obtained Defense and Indemnification certifications as required under Minn. Stat. § 3.736, subd. 9 (*see* ECF No. 51 ¶ 3).

Mr. Larson subsequently hired a process server and personally served several of the defendants in their individual capacities, but he served only a Summons and copy of the Complaint on each of them and did not include waivers of service.  (*See* ECF No. 40 ¶¶ 1–5.)  Mr. Larson asserts he spoke to DHS Defendants' counsel Paul Ziezulewicz via telephone on September 18, 2023, and that Mr. Ziezulewicz informed him their strategy included refusing to waive service (ECF No. 46 at 2).  Mr. Ziezulewicz denies that he or any individual client ever refused to waive service in this matter or suggested to Plaintiff they had such a strategy. He contends Plaintiff never requested that any individual defendant waive service, and only requested a waiver of service from the Office of the Attorney General (ECF No. 38 at 2–3).

On October 10, 2023, the Court extended Mr. Larson's time to effect service of process on all defendants in this matter until December 11, 2023 (ECF No. 33)  Shortly thereafter, Mr. Larson filed a motion for the Court to personally serve Defendant David Lindlbauer on the ground that Minnesota Sex Offender Program ("MSOP") policy prohibited officials from providing Mr.

---

[1] The term "Defendants" as used herein includes the Defendants who jointly filed their opposition to Mr. Larson's Motion (ECF No. 50) ("DHS Defendants"), and Defendant Michael Woods, who filed a separate response to Mr. Larson's Motion (ECF No. 53).  (*Id.* at 2.) Mr. Woods works at the Minnesota Office of Ombudsman for Mental Health and Development Disabilities, while the individual DHS Defendants work for the Minnesota Department of Human Services in various roles.

Larson with Defendant Lindlbauer's home address (ECF No. 34).   On October 20, 2023,
Defendants confirmed that Mr. Larson was prohibited from obtaining Mr. Lindlbauer's address
(ECF No. 38 at 3, citing Minn. Stat. §§ 13.43, subs. 4 and 5a), but stated defense counsel was, at
that point, authorized to accept or waive service on behalf of all Defendants except Defendant
Michael Woods in his individual capacity (*id*. at 4-5).   Based on DHS Defendants' counsel's
representations, the Court instructed all DHS Defendants to file an answer or response to Mr.
Larson's complaint on or before December 1, 2023 (ECF No. 44).   On November 3, 2023,
Assistant Attorney General Sarah Krans entered an appearance on behalf of Defendant Michael
Woods, and Assistant Attorney General Morgan Alexander substituted an appearance on behalf of
the DHS Defendants for Mr. Ziezulewicz, who withdrew (ECF Nos. 47, 48).   DHS Defendants
and Defendant Michael Woods filed Motions to Dismiss on November 30, 2023 (ECF No. 58, 60).

## II.   Legal Standard

Federal Rule of Civil Procedure 4(d) governs waivers of service.   It provides, in relevant
part, that:

> (1) An individual, corporation, or association that is subject to service under Rule
> 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
> The plaintiff may notify such a defendant that an action has been commenced and
> request that the defendant waive service of a summons. The notice and request
> must:
>
> > (A) be in writing and be addressed:
> >
> > > (i) to the individual defendant; or
> > > (ii) for a defendant subject to service under Rule 4(h), to an officer,
> > > a managing or general agent, or any other agent authorized by
> > > appointment or by law to receive service of process;
> >
> > (B) name the court where the complaint was filed;
> >
> > (C) be accompanied by a copy of the complaint, 2 copies of the waiver form
> > appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2).   A plaintiff seeking reimbursement of service expenses under this provision bears the burden of proof.   "If a plaintiff does not produce admissible evidence showing that the defendant refused a request to waive service, a district court should deny the Rule 4(d)(2) motion." *Smith v. Bradley Pizza, Inc.*, 17-cv-2032-(WMW/KMM), 2018 WL 9943476, at *2 (D. Minn. Jan. 24, 2018) (quoting *Levingston v. Piburn*, CV-09-8138 (PCT/LOA), 2010 WL 2367206, at *1 (D. Ariz. June 10, 2010)).

### III. Analysis

#### A. Individual Capacity Defendants

To obtain service expenses for a defendant's failure to waive service, the plaintiff must first establish that his waiver of service requests were complaint with the requirements of Rule 4(d)(1)(A)–(G).  *Id.* at 2–3 (collecting cases).  Based on the record before the Court, Mr. Larson has not met this prerequisite with respect to any individual capacity Defendant because he only sent waiver of service requests to Attorney General Keith Ellison (*see* ECF No. 55).  As Mr.

Larson's request was not "addressed" to any of the Defendants individually, *see* Fed. R. Civ. P 4(1)(A)(i), his waiver of service request was procedurally deficient and cannot serve as a basis for collecting service fees and costs with respect to Defendants in their individual capacities.

### B.   Official Capacity Defendants

Mr. Larson also seeks reimbursement for his alleged service expenses incurred in serving Defendants in their official capacities due to Defendants' refusal to waive.  (ECF No. 46 at 4.)  But to be subject to the waiver provisions of Rule 4(d), a defendant must be an individual (other than a minor, incompetent person, or a person whose waiver has been filed), or a corporation, partnership, or other association.  *See* Fed. R. Civ. P. 4(d).  This list excludes states and their agencies.  *See* Fed. R. Civ. P. 4(d) advisory committee's note to 1993 amendment ("The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to ... officers of the United States *and to other governments and entities subject to service under subdivision (j)*.") (emphasis added).

Since suits against state officials in their official capacities are, for all intents and purposes, suits against the state itself, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), many courts have concluded that service of state officials in their official capacities must be accomplished pursuant to Rule 4(j) and not under Rule 4(e).  *See, e.g.*, *Chapman v. N.Y. State Div. for Youth*, 227 F.R.D. 175, 179–80 (N.D.N.Y. 2005) (stating service on employees of state agencies is governed by Rule 4(j) when they are sued in their official capacities); *Disability Rts. of W. Virginia v. Crouch*, 2:17-cv-01910, 2017 WL 6045448, at *6 (S.D.W. Va. Dec. 6, 2017) (same).  And since the obligation to waive service to avoid unnecessary expenses applies only to

individuals subject to service under "Rule 4(e), (f), or (h)[,]" Fed. R. Civ. P. 4(d)(1), these courts hold that a "state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of rule 4(d)." *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009); *see also id.* at 747 n.6 (collecting cases holding that state officers sued in their official capacities are subject to service under Rule 4(j) or its predecessor).

In contrast, several other courts have held that state officials sued in their official capacities should be treated as individuals subject to service under Rule 4(e), making them subject to the Rule 4(d) waiver provisions. *See, e.g.*, *Mosley v. Douglas Cnty. Corr. Ctr.*, 192 F.R.D. 282, 283 (D. Neb. 2000); *Whatley v. D.C.*, 188 F.R.D. 1, 2 (D.D.C. 1999); *Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003). Their position is largely that because Rule 4(j) extends only to foreign and domestic states, local governments and municipal corporations, and does not contemplate service on individual people, it follows that individuals sued in their official capacities "must be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, which makes the waiver of service requirements in Rule 4(d)(2) of the Federal Rules of Civil Procedure applicable to them." *Mosley*, 192 F.R.D. at 283; *see also Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 28–31 (1st Cir. 1988) (holding that Fed. R. Civ. P. 4(e) applies to official capacity defendants, in part, because they can be bound by a judgment and held in contempt for disobeying a court order).

Since official capacity suits are regarded as suits against the state itself, *Will*, 491 U.S. at 71, and under Minnesota law, service on these individuals is carried out routinely by personally delivering a copy of the summons and complaint to the Office of the Attorney General, Minn. Stat. § 4.03(d), the Court finds the logic in applying Rule 4(j) more compelling. *See Jackson v. Ramsey Co. Adult Detention Center*, No. 21-cv-0929 (DSD/HB), 2021 WL 12147763, *1 (D. Minn. May 21, 2021) (ordering service on county defendants in their official capacities under Rule 4(j)); *cf.*

*Vega v. Minnesota DEED Commissioner*, 23-cv-124 (PJS/ECW), 2023 WL 2301429, *1 n.2 (D. Minn. March 1, 2023) (identifying caselaw split and adopting parties' assumption, without deciding the question, that Rule 4(j) applies). The Court need not resolve this split, however, because the ambiguity in applicable law on this question constitutes good cause for Defendants' failure to waive service in their official capacities. *See, e.g.*, *Mosley*, 192 F.R.D. at 283–84 (D. Neb. 2000); *Israel v. Univ. of Utah*, 2:15-cv -741 (TS), 2016 WL 5794730, at *1 (D. Utah Oct. 4, 2016); *Whatley*, 188 F.R.D. at 2–3. The Court is not aware of any clearly binding Eighth Circuit precedent on this particular question and finds for this reason that whether official capacity Defendants are subject to Rule 4(d) is sufficiently ambiguous to establish good cause for their failure to waive. The Court denies the Motion on these grounds.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Verified Motion for Service Expenses (ECF No. [46]) is **DENIED**.

Dated: December 22, 2023                  *s/ Dulce J. Foster*_____
                                          Dulce J. Foster
                                          United States Magistrate Judge