UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hollis J. Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services et al., | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Hollis J. Larson's Motion for the Appointment of Counsel ("Motion to Appoint") (ECF No. 80). Mr. Larson argues the Court should appoint counsel to represent him due to: the factual complexity of this matter; his inability to properly investigate his claims as a result of his PTSD, traumatic brain injuries, detention status, and limited access to law library materials; the conflict between the allegations he makes in his complaint and statements he alleges defendants have made; his inability to properly present his claims due to his *pro se* status and civil detention; the legal complexity of his case; and because his claims, in his view, are meritorious (ECF No. 81 at 4–7). For the reasons given below, the Court denies Mr. Larson's Motion to Appoint.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present

1

the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Although the Court recognizes Mr. Larson's desire for the appointment of counsel, it does not believe appointing him counsel is necessary at this time.  The factual issues underscoring Mr. Larson's claims are relatively straightforward.  Mr. Larson has further demonstrated an ability to present his legal claims, and the undersigned has recommended allowing several of his claims to survive the DHS Defendants' motion to dismiss (*see* ECF Nos. 66, 78).  His legal claims do not require complex arguments, and at this stage in the litigation there is no testimony before the Court at all.  Mr. Larson's relative lack of understanding of the legal system does not appear to have impeded him significantly.  His lack of access to assistance[1] or the best legal materials is not alone sufficient to warrant the appointment of counsel, as these facts do not distinguish his case from the myriad other claims brought by pro se litigants.  Finally, while the Court appreciates Mr. Larson's concern that his detention will make taking depositions more cumbersome, the Court notes that the Rules explicitly provide for written depositions, *see* Fed. R. Civ. P. 31, and that the use of video platforms for oral depositions is now quite common.  The Court denies Mr. Larson's Motion to Appoint on these grounds.

**SO ORDERED**.

Dated: June 5, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

---

[1] Mr. Larson states that he needs medical expert testimony to fully present his case, but the appointment of counsel would not entitle him to the free services of a medical expert.