UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hollis J. Larson, | |
| Plaintiff, | Case No. 23-cv-1823 (JRT/DJF) |
| v. | |
| Minnesota Department of Human Services et al., | ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Hollis Larson's Motion for Appointment of Counsel ("Motion to Appoint") (ECF No. 88). He argues that the Court should appoint counsel for him because he is unable to afford counsel, he has limited resources to conduct legal research and fact discovery given his status as a civilly committed detainee, and he suffers from mental disabilities that would make representing himself in this matter difficult. (*See id.*; ECF No. 89.) Mr. Larson previously filed an identical motion for appointment of counsel (*see* ECF Nos. 80, 81), which the Court denied (ECF No. 83). For the reasons given below, the Court again denies the Motion to Appoint but will refer Mr. Larson to the *Pro Se* Project of the Minnesota Chapter of the Federal Bar Association for possible assistance.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims;

and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Although the Court recognizes Mr. Larson's concerns with the discovery process and possible dispositive motion practice, it does not conclude that appointment of counsel is necessary. Neither the factual nor legal issues are particularly complex. Moreover, the Court does not find that Mr. Larson lacks the ability to present his arguments to the Court. In fact, he has demonstrated an ability to litigate his case effectively as some of his claims have survived Defendants' motion to dismiss. (*See* ECF No. 87.) His lack of access to assistance is not sufficient to warrant the appointment of counsel, as his situation does not distinguish his case from the myriad of other claims brought by pro se litigants. Finally, while the Court appreciates Mr. Larson's concern that his detention will make taking depositions more cumbersome, the Court notes that the Rules explicitly provide for written depositions, *see* Fed. R. Civ. P. 31, and that the use of video platforms for oral depositions is now quite common. The challenges Mr. Larson identifies are not insurmountable. Therefore, the Court denies Mr. Larson's motion for the appointment of counsel.

However, the Court concludes volunteer legal assistance would be helpful in the discovery process and will refer Mr. Larson to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project. His participation in this program is voluntary. If he elects to participate, he might be able to talk about his case with a volunteer attorney who would consult with him about this case without charging him for the consultation. The Court will provide this referral to Mr. Larson, along with additional details about the *Pro Se* Project, in a separate letter.

**SO ORDERED.**

Dated: October 15, 2024                     *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge