UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hollis J. Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Hollis J. Larson's self-styled "Supplemental Affidavit for Proceeding in Forma Pauperis (Expert Witness Fees)" ("Motion") (ECF No. 114). Mr. Larson is a civil detainee at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. (*See* ECF No. 1 at 1-2.) He filed a civil complaint alleging various violations of federal and state law, including violations of the Americans with Disabilities Act (ADA), *see* 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act, *see* 42 U.S.C. § 794, and 42 U.S.C. § 1983. (*See generally* ECF No. 1.) Mr. Larson did not initially pay the filing fee for this action and instead filed an application to proceed *in forma pauperis* ("IFP Application"). (*See* ECF No. 2.) The Court denied the IFP application because Mr. Larson had the resources to pay the statutory filing fee (*see* ECF No. 4 at 2), and he paid the fee (*see* ECF No. 9). Mr. Larson now asks the Court to pay his expenses for retaining a variety of psychologists and a licensed private investigator. (*See* ECF No. 114 at 1-2.) He also asks that the Court pay for any costs associated with deposing these individuals. (*Id.* at 2.) He argues this request is proper under 28 U.S.C. § 1915 (a statute regulating *in forma pauperis* proceedings) and Rule 706 of the Federal Rules of Evidence. (*Id.* at 1, 3-4.) For the reasons stated below, the Court denies the Motion.

Mr. Larson's citation to Section 1915 is unavailing. As a threshold matter, and contrary to Mr. Larson's assertion (*see id.* at 1), the Court denied his IFP Application, and Mr. Larson has not provided any evidence to support a reconsideration of that ruling. Furthermore, "[t]here is no indication … that [Section 1915] authorizes the court to waive or pay for a civil litigant's discovery costs." *Njaka v. Epotter*, No. 04-CV-4585 (ADM/AJB), 2005 WL 8163013, at *2 (D. Minn. July 11, 2005) (*citing Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1076 (8th Cir. 1980)); *see also Wright v. United States*, 948 F. Supp. 61, 61 (M.D. Fla. 1996) ("Section 1915 does not address the costs of discovery such as those incurred in taking depositions."); *Toliver v. Community Action Comm'n to Help the Economy, Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (stating that Section 1915 does not provide "clear statutory authority for prepayment of discovery costs"). "[A] party proceeding *in forma pauperis* is still responsible for bearing the costs of witness fees," *Wright*, 948 F. Supp. at 61, and the costs for a court reporter and transcription fees, *see id.* (collecting cases). Therefore, any grant of IFP status would be of no help to Mr. Larson in supporting the costs his Motion seeks to cover.

Mr. Larson's reliance on Rule 706 is equaling unavailing. Generally, "Rule 706 allows a court to appoint an expert 'to aid the court, and not for the benefit of one of the parties.'" *Graham v. Koenig*, No. 23-CV-263 (JWB/DLM), 2024 WL 2991221, at *5 (D. Minn. June 14, 2024) (quoting *Greene v. Lake*, No. 17-CV-3551 (NEB/ECW), 2018 WL 4590004, at *2 (D. Minn. Sept. 25, 2018)). "[O]nly under compelling circumstances" may a district court appoint an expert and order a party to advance fees and expenses. *Id.* (citing *United States Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984)). "[A] court may find compelling circumstances for the appointment of an expert where the expert is necessary for the claim to survive summary judgment." *Greene*, 2018 WL 4590004, at *3.

Mr. Larson states he seeks the assistance of expert witnesses to establish that he has Post Traumatic Stress Disorder ("PTSD"). (*See* ECF No. 114 at 2-3.) But he concedes he already has evidence that at least one psychologist has diagnosed him with PTSD. (*Id.* at 2.) Mr. Larson does not explain why he needs another psychologist to make the same diagnosis.[1] Mr. Larson also fails to explain why a private investigator has any relevance to a PTSD diagnosis.

Mr. Larson relies on *Studnicka v. Pinheiro*, No. 05-CV-723 (JRT/FLN), 2006 WL 1579876 (D. Minn. June 2, 2006), to support his assertion that the Court ought to appoint expert witnesses for him free of charge. (*See* ECF No. 114 at 3.) But *Studinicka* is distinguishable from this case. There, the court was inclined to appoint an expert because: (1.) the plaintiff was alleging deliberate indifference and medical malpractice for inadequate cancer treatments; (2.) he was proceeding *in forma pauperis*; and (3.) the court determined that it needed an expert to fairly assess the merits of the claim on pending dispositive motions. *Studnicka*, 2006 WL 1579876, at *3. First, Mr. Larson's claims are limited to unlawful punishment and disability discrimination. (*See* ECF No. 87 at 20.) In contrast, *Studnicka* alleged medical malpractice, which Minnesota state law mandates must be supported by an expert witness to address the applicable standard of medical care. *See* Minn. Stat. § 145.682, subd. 2, 2006 WL 1579876, at *3-5. Mr. Larson's claims do not hinge on an evaluation of

---

[1] In a stray remark, Mr. Larson states, "[A] Dr. Stephen Snyder, without Mr. Larson's knowledge or consent and without conducting an in-person interview, and obviously as further discrimination and retaliation, 'discontinued' Mr. Larsons' PTSD diagnosis in November of 2024." (ECF No. 114 at 2-3.) Mr. Larson also states, "Expert psych opinion without interview is judicially barred," and cites to a federal district court opinion in a case related to Social Security disability insurance benefits, *see id.* (citing *Schnabel v. Berryhill*, No. 1:17-CV-190 (MAT), 2019 WL 622138 (W.D.N.Y. Feb. 14, 2019)). Mr. Larson's remarks are difficult to interpret, but he appears to suggest that appointment of an expert is necessary because an MSOP physician found he does not have PTSD without examining him first. If true, this information could potentially go to the weight of the physician's opinion, but it would not establish an entitlement to court-appointed expertise. Moreover, the case cited concerns the weight Administrative Law Judges ought to give to treating physicians' opinions in Social Security disability cases. *See Schnabel*, 2019 WL 622138, at *4-7. It has no apparent relevance to MSOP's operations.

whether Defendants' actions were medically negligent or reckless, and he may prosecute his claims without an expert witness. Next, unlike the plaintiff in *Studnicka*, Mr. Larson is not proceeding *in forma pauperis*. Finally, for the above-stated reasons, expert witness testimony is not critical to the Court's assessment of Mr. Larson's claims. The Court therefore finds that Mr. Larson has not demonstrated sufficiently compelling circumstances to warrant court appointment of an expert witness in this case. For the foregoing reasons, the Court declines to appoint an expert witness pursuant to either 28 U.S.C. § 1915 or Rule 706.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Hollis J. Larson's Motion (ECF No. 114) is **DENIED**.

Dated:  February 11, 2025         *s/ Dulce J. Foster*
                                  DULCE J. FOSTER
                                  United States Magistrate Judge