UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hollis Larson, | Case No. 23-cv-1823 (JRT/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Minnesota Department of Human Services, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Hollis Larson's March 3, 2025 letter ("Motion to Compel") (ECF No. 123) and self-styled Verified Motion for Plaintiff to be Allowed to E-file Exhibits and for an Exemption from Fees Charged for Electronic Filing ("Motion for Fee Waiver") (ECF No. 125). The Court construes Mr. Larson's March 3 letter as a Motion to Compel Defendants to: (1.) produce all discovery documents in "copyable, searchable PDF format placed in [his] 'Legal Documents' folder"; and (2.) write a particular return address on any mail related to this case to ensure that it remains "privileged."[1] (ECF No. 123.) In his Motion for Fee Waiver, Mr. Larson asks the Court to waive any electronic filing fees associated with exhibits he intends to file and to order Defendants to facilitate his electronic filing. (*See* ECF No. 125.) Defendants disclaim any obligation to reproduce the documents they previously provided to Mr. Larson (*see* ECF No. 127 at 1), address their mail to him in any particular way (*see id.* at 2), or to assist him with the electronic filing process (*see* ECF No. 128). For the reasons stated below, the Court denies each of Mr. Larson's requests.

The Court denies Mr. Larson's Motion to Compel, because Defendants have complied with

their discovery obligation to produce documents in a reasonably usable form and their mailed communications with Mr. Larson are not privileged.  Mr. Larson states that Defendants have failed to "comply with [his] **_requirement_** that all discovery documents be provided to [him] in copyable, **_searchable_** PDF format." (ECF No. 123, emphasis in original.)[2]  But the parties did not file any stipulated protocol for the production of electronically stored information ("ESI") or bring any disputes regarding such a protocol to the Court's attention. (*See generally* Docket; *see also* ECF No. 101 at 2-3, requiring the parties to meet and confer regarding the form of ESI discovery before December 10, 2024 and present any disputes to the Court on or before December 31, 2024.)  Mr. Larson's production request is therefore subject to the minimum requirements of Rule 34 of the Federal Rules of Civil Procedure. *See Indep. Mktg. Grp., Inc. v. Keen*, No. 3:11-CV-447, 2012 WL 207032, at *2 (M.D. Fla. Jan. 24, 2012).

Generally, PDFs are deemed a reasonably usable format under the requirements of Rule 34. *See The Woodmont Co. v. LaSalle Shopping Center, LLC*, No. 1:17-CV-73 (PDW/CRH), 2020 WL 6685705, at *6 (D.N.D. Nov. 12, 2020) (holding PDFs to be adequate even though requesting party could not easily use search function); *Adams v. AllianceOne, Inc.*, No. 08-CV-248 (JAH/WVG), 2011 WL 206617, at *14 (S.D. Cal. May 25, 2011) (rejecting plaintiffs' contention that failure to produce discovery in searchable PDF form was sanctionable conduct because no legal authority clearly imposed such a requirement).  Although production of documents in a non-searchable PDF format is impermissible if the documents were previously searchable, *see* Fed. R. Civ. P. 34(b) advisory committee's notes to 2006 amendment, Defendants did not make the documents it

---

[1] Mr. Larson also requested an evidentiary hearing, but the Court previously denied that request (*see* ECF No. 124).

[2] Mr. Larson filed a Rule 26(f) Report that included this requirement (*see* ECF No. 105), but the Court rejected it because: (1.) it was untimely; and (2.) it was improper since Mr. Larson refused to meet and confer with Defendants' attorneys prior to filing it (*see* ECF No. 106).

produced to Mr. Larson any *less* searchable than they originally were (*see* ECF No. 127, "The documents produced were either PDF documents created and kept in the ordinary course of business, or paper documents that had been scanned and converted to PDF … Any documents that were already searchable should be searchable by Mr. Larson."). The Court therefore denies Mr. Larson's Motion to Compel Defendants to make their documents *more* searchable than they were in their native format.

Mr. Larson's assertion that Defendants must address their mail to him in a particular way is also meritless. His objection appears to rest on the notion that Defendants' mail procedures have led to these communications being improperly classified as nonprivileged mail. (*See* ECF No. 123.) But Mr. Larson does not have an attorney-client relationship with Defendants or their counsel, therefore, their communications with him are not privileged. *See McLaughlin v. Zavada*, No. 10-CV-422, 2019 WL 5697347, at *2 (W.D. Pa. Nov. 4, 2019) ("[Plaintiff's communications with defense counsel] do not fall within any standard definition of privileged attorney-client communications."). Since Defendants' mail to Mr. Larson is not subject to any special protection, the Court denies Mr. Larson's request.

The Court also denies Mr. Larson's Motion for Fee Waiver. Mr. Larson argues a fee waiver is appropriate because electronic filing is mandatory, and he cannot afford the associated fees. (*See* ECF No. 125.) But contrary to Mr. Larson's assertions, he is not required to file electronically. *See* Fed. R. Civ. P. 5(d)(3)(B); Civil ECF Procedures Guide at 1 (D. Minn. June 10, 2024) ("Pro Se Prisoner and non-prisoner Pro Se filers are automatically exempt from being required to file electronically in ECF.") Nor are there any fees associated with filing electronic or hardcopy

Motions or exhibits in a pending matter in this District.[3]  Mr. Larson's request for a fee waiver is therefore denied as there are no fees to waive.

Mr. Larson's Motion for Fee Waiver also asks the Court to compel Defendants to assist him with the electronic filing process because the cost of printing and postage associated with filing hardcopies is prohibitively expensive.  (*See* ECF No. 125.)  The Court denies that request because, as previously stated, Mr. Larson is not under any obligation to file his documents electronically.  The Court will not order Defendants to assist him with this non-mandatory procedure or to minimize his own litigation costs.

Finally, the Court also denies Mr. Larson's Motion because he did not meet and confer with Defendants' attorneys before he filed it as required by Local Rule 7.1.  (*See* ECF No. 128; *see also* Docket, reflecting that Mr. Larson did not file a meet-and-confer statement.)  The Court previously warned Mr. Larson that failure to meet and confer with Defendants as required by the Rules and the Court's Orders may result in the denial of his motions.  (ECF No. 100; *see also* ECF No. 101 at 4, directing the parties to meet and confer before filing any non-dispositive motion.)  Mr. Larson was therefore on notice of the meet-and-confer requirement: (1.) Before any party files a motion in this action, that party must meet with the opposing party (by phone, videoconference or in person) and attempt to resolve the disputed issue; and (2.) the moving party must file a statement with the motion confirming that the meet-and-confer took place and describing the outcome of that meeting.  The Court hereby reminds Mr. Larson that continued failure to comply with this rule may result in denial of his motions.

---

[3] *See Court Fees including copies*, U.S. Dist. Ct. Dist. Minn. (last updated Dec. 1, 2023), https://www.mnd.uscourts.gov/court-fees-including-copies.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant Hollis Larson's Motion to Compel (ECF No. 123) and Motion for Fee Waiver (ECF No. 125) are **DENIED**.

Dated:  March 20, 2025            *s/ Dulce J. Foster*
                                   DULCE J. FOSTER
                                   United States Magistrate Judge