## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Hollis J. Larson,

                    Plaintiff,

v.

Minnesota Department of Human Services et al.,

                    Defendants.

Case No. 23-cv-1823 (JRT/DJF)

**ORDER**

This matter is before the Court on Plaintiff Hollis Larson's Motion for Appointment of Counsel ("Motion") (ECF No. 140).  Mr. Larson asks the Court to appoint counsel for him because he does not believe he can adequately prosecute his case and because he believes appointment would lead to a better adjudication of his claims.  (*See* ECF Nos. 140, 141.)  This is the third time he has asked the Court to appoint counsel (*see* ECF Nos. 80, 88).  The Court denied each of Mr. Larson's previous motions (*see* ECF Nos. 83, 93) and denies his current request for substantially the same reasons.

The Court recognizes that litigating this case would be far easier for the Court, Mr. Larson, and even the Defendants if Mr. Larson had counsel.  But for cases such as this one, the Court refers litigants to the Federal Bar Association's Pro Se Project for possible volunteer attorney assistance. The Court made such a referral in this case for Mr. Larson in October 2024 (*see* ECF No. 94), and that referral led to a volunteer lawyer consulting with him.  After Mr. Larson filed a letter stating that a settlement conference was both "necessary" and "would be productive" (*see* ECF No. 103), the Court further referred him to the Pro Se Project's Early Settlement Conference Project so that the volunteer lawyer could enter a limited appearance on his behalf for the purpose of settlement

negotiations (*see* ECF No. 108).  But Mr. Larson refused to sign the required retainer with his volunteer attorney, terminated his relationship with the attorney who was trying to help him, and indicated an unwillingness to continue working with the Pro Se Project.  (*See* ECF No. 112.)  Mr. Larson's current lack of legal assistance is therefore largely a product of his own making.

The Court further finds that Mr. Larson does not lack the ability to prosecute his own case at this stage of the litigation.  He is receiving discovery from Defendants (*see* ECF Nos. 116, 120), and he has demonstrated that, notwithstanding the circumstances of his detention in a high-security facility, he is quite capable of regularly submitting papers and presenting arguments to this Court. Mr. Larson seems to be concerned that his case is "scheduled for trial in December of 2025."  (ECF No. 140.)  To be clear, this case does not currently have a date certain for a trial.  Mr. Larson is likely referring to the "trial ready" date (i.e., the date by which the parties ought to be ready to begin the trial process).  (*See* ECF No. 136.)  The Court anticipates that Defendants may seek to avail themselves of the opportunity to file dispositive motions, which are not due until September 22, 2025.  If this matter is not resolved on dispositive motions, a trial date will be set following the completion of any pretrial settlement negotiations the Court may require.  In the event that a certain trial date is scheduled, Mr. Larson may resubmit his motion for appointment of counsel.

For the aforementioned reasons, the Court denies Mr. Larson's Motion without prejudice.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Hollis J. Larson's Motion for Appointment of Counsel (ECF No. 140) is **DENIED WITHOUT PREJUDICE**.

Dated:  April 24, 2025                              *s/ Dulce J. Foster*
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge