UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLLIS J. LARSON,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>Defendants. | Civil No. 23-1823 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS** |

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767, *pro se* Plaintiff.

Jacob Patsch Harris, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for Defendants.

Plaintiff Hollis J. Larson filed this action against the Minnesota Department of Human Services and others alleging broadly that his post-traumatic stress disorder went undiagnosed for many years while committed at the Minnesota Sex Offender Program ("MSOP") facility in Moose Lake, Minnesota. The Court dismissed several of Larson's claims, but four claims remain. Larson requested appointment of counsel several times. Larson also filed a motion to compel and a motion to waive electronic filing fees. Magistrate Judge Dulce J. Foster denied Larson's requests. Larson now appeals those denials. Because the Magistrate Judge did not clearly err, the Court will affirm the

Magistrate Judge's orders denying Larson's request to appoint counsel, motion to compel, and motion to waive electronic filing fees.

## BACKGROUND

Larson is currently civilly committed at the MSOP facility in Moose Lake. (Am. Compl. ¶ 1, Oct. 6, 2023, Docket No. 30.) During his time at MSOP, he has filed several complaints against various defendants alleging mistreatment and denial of rights. *E.g.*, *Larson v. MSOP, et al.*, No. 13-1074, 2024 WL 448305 (D. Minn. Feb. 6, 2024). In addition to Larson's individual actions, a large class action, of which Larson was a member, addressed the conditions at MSOP. *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017); *Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021); *Karsjens v. Harpstead*, 74 F.4th 561 (8th Cir. 2023), *cert. denied*, 144 S.Ct. 814 (2024). Nonetheless, Larson filed the current action raising new allegations surrounding his treatment at MSOP. (*See generally* Am. Compl.) Here, Larson's allegations center around the diagnosis and treatment of his post-traumatic stress disorder. (Am. Compl. ¶¶ 24–34, 38, 42, 48–49, 54–58, 63, 65, 72, 78, 89, 94.)

Larson's Amended Complaint brought ten causes of action, and all Defendants moved to dismiss the claims. *Larson v. Minn. Dep't of Hum. Servs.*, No. 23-1823, 2024 WL 4345533, at *2–3 (D. Minn. Sept. 30, 2024). The Magistrate Judge issued a report and recommendation ("R&R") recommending the Court dismiss six of the claims. *Id.* at *3. The Court overruled Larson's objections and adopted the R&R in full. *Id.* at *7. Larson's official capacity unlawful punishment claim and three disability discrimination claims remain. *Id.*

While the Court was reviewing the R&R, Larson moved for appointment of counsel, which the Magistrate Judge denied. (Order Den. 1st Mot. Appointment Counsel, June 5, 2024, Docket No. 83.) Larson filed a second motion for appointment of counsel that was also denied. (Order Den. 2nd Mot. Appointment Counsel, Oct. 15, 2024, Docket No. 93.) At that time, the Magistrate Judge referred Larson to the Pro Se Project. (Letter Referring Litigant to FBA Pro Se Project, Oct. 16, 2024, Docket No. 94.) Larson appealed the Magistrate Judge's second denial to appoint counsel. (Appeal/Obj. 2nd Order Den. Appointment Counsel, Oct. 28, 2024, Docket No. 96.)

Before this Court could review Larson's appeal of the Magistrate Judge's second denial to appoint counsel, Larson withdrew from the Pro Se Project and moved again for appointment of counsel. (Notice of Withdrawal from Pro Se Project, Dec. 12, 2024, Docket No. 112; Letter to District Judge, Feb. 18, 2025, Docket No. 116; Mot. Appoint Counsel, Apr. 23, 2025, Docket No. 140.) The Magistrate Judge denied Larson's third and fourth requests to appoint counsel. (3rd Order Den. Appointment Counsel, Feb. 19, 2025, Docket No. 118; 4th Order Den. Appointment Counsel, Apr. 24, 2025, Docket No. 143.) Larson now appeals those denials. (Appeal/Obj. 3rd Order Den. Appointment Counsel, Mar. 3, 2025, Docket No. 122; Appeal/Obj. 4th Order Den. Appointment Counsel, May 5, 2025, Docket No. 148.)[1]

---

[1] In his appeal of the Magistrate Judge's fourth order denying appointment of counsel, Larson also requests an indefinite stay of proceedings pending interlocutory appeal. However,

Larson also appeals the Magistrate Judge's order denying Larson's motion to compel and motion for an electronic filing fee waiver. (Order Den. Pl.'s Mar. 3, 2025 Requests, Mar. 20, 2025, Docket No. 130; Appeal/Obj. Magistrate Judge Decision, Mar. 28, 2025, Docket No. 131.)

## DISCUSSION

### I. STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). However, a magistrate judge's decision pursuant to § 636 is not a final order and initial review rests with the district court. *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995) (citing *Gleason v. Sec'y of Health & Hum. Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985)). The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712,

---

the Magistrate Judge has already denied his request for a stay, (Order, May 7, 2025, Docket No. 149), so the Court will not address it here.

717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted).

## II.   MOTIONS TO APPOINT COUNSEL

Larson has repeatedly requested that the Court appoint counsel, and the Magistrate Judge has consistently denied that request, indicating that counsel was not necessary because Larson has demonstrated an ability to adequately present his arguments to the Court. While Larson directs his appeal towards the Magistrate Judge's denial of his request to appoint counsel, Larson actually appears to take issue more broadly with the Magistrate Judge's continued involvement in his case. The Court will address both issues.

Denial of appointment of counsel is a nondispositive matter, which must be appealed to the district judge assigned to the case. *See Hollie v. Essentia Health Moose Lake Clinic*, No. 22-314, 2022 WL 2817107, at *1 (D. Minn. July 19, 2022); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). The district court will overturn a decision to deny counsel only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Larson cites to his previous requests for appointment of counsel arguing generally that he is unable to prosecute his case and that all parties would benefit from his

appointment of counsel. He further argues that "caselaw . . . literally mandates that counsel be appointed at this stage." (Appeal/Obj. 2nd Order Deny. Appointment Counsel.)

As a threshold matter, Larson does not have a constitutional or statutory right to counsel in civil proceedings. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). Instead, such a decision is within the discretion of the court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). In determining whether appointment of counsel is appropriate, courts consider several factors, including "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Despite Larson's objections, the Magistrate Judge considered all the relevant factors and determined that counsel was not necessary at this time. The Court agrees. Most significantly, Larson has demonstrated time and time again that he is in fact capable of litigating his case. Indeed, four of his ten claims survived a motion to dismiss. The Court appreciates Larson's concerns over the volume of discovery. But he has proven himself able to navigate discovery by securing a Court order that discovery "be produced in a format [Larson] can access." (Order on Discovery, Feb. 19, 2025, Docket No. 117.) Furthermore, the Court referred Larson to the Pro Se Project, which provided an opportunity to engage in discussions with an attorney. Larson voluntarily withdrew from that program but now demands the Court appoint an attorney. The Court finds it contradictory that Larson's case is so complex that he needs the Court to appoint an

attorney but also that he refused any aid from the Pro Se Project.[2] Accordingly, the Magistrate Judge did not clearly err in denying Larson's motion for appointment of counsel, so the Court will affirm the Magistrate Judge's orders.[3]

Larson also continues to express discontent that the Magistrate Judge is involved in his case at all, claiming that he did not consent to magistrate judge review. But consent is only required for magistrate judges to issue a final judgment. *Sanders v. Dakota Dist. Ct.*, No. 19-2743, 2019 WL 6838675, at *1 (D. Minn. Dec. 16, 2019); 28 U.S.C. § 636(c)(1). The Magistrate Judge has not issued any final judgments in this case, and as the Court already informed Larson, the District Judge remains the presiding Judge. (Court's Resp., Nov. 5, 2024, Docket No. 99.) Because Larson's consent is not required, the Magistrate Judge may continue to act in accordance with the powers granted by the Federal Magistrate Judges Act.

### III. MOTION TO COMPEL AND MOTION FOR FEE WAIVER

The Magistrate Judge also denied Larson's motion to compel and motion for an electronic filing fee waiver. In his motion to compel, Larson requested that Defendants provide all discovery in a searchable PDF format and use a particular return address to

---

[2] Larson argues that the Pro Se Project is a "sham," intended to "coerce" Larson into settling the dispute. (Appeal/Obj. of 4th Order at 2–3.) Larson has presented no evidence of coercion, and the Court will not infer coercion simply because Larson did not agree with the recommendations of counsel.

[3] The Court reminds Larson that each denial has been without prejudice, meaning that he can again move for appointment of counsel. However, the Court cautions Larson against making repeated requests without any material change in the status of the litigation.

ensure case-related material remains privileged. In his motion for a fee waiver, Larson asks that electronic filing fees be waived, and that Defendants assist in Larson's electronic filing.

The Magistrate Judge's order denying Larson's motion to compel was not clearly erroneous. Larson demanded that Defendants provide searchable PDFs, but the parties did not present any such discovery requirement to the Court. Instead, the parties were bound by the minimum requirements set forth in Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 34(b)(2)(E). Larson has presented no evidence that Defendants failed to comply with those requirements. Further, the Magistrate Judge did not err when she determined that correspondence between Larson and the Defendants was not privileged. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601–02 (8th Cir. 1977) (describing attorney-client privilege as only applying to "confidential communications between an attorney and his client"). So, Larson's request that a specific return address be used to preserve legal privilege was properly denied. The Court will affirm the Magistrate Judge's Order denying Larson's motion to compel.

The Magistrate Judge also did not clearly err in denying Larson's motion to waive electronic filing fees and require the Defendants assist in his electronic filing. Larson's objections seem to rest solely on the expense of providing documentation in print as opposed to electronically. But neither the Court, nor Defendants, are required to provide funds to cover the litigation costs of a pro se plaintiff. *Aery v. Beitel*, No. 22-114, 2022 WL

1207910, at *1 (D. Minn. Aug. 5, 2022) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("[N]o other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")), *report and recommendation adopted*, No. 22-114, 2022 WL 11822600 (D. Minn. Oct. 20, 2022). Accordingly, the Court will affirm the Magistrate Judge's order denying Larson's motion for a fee waiver.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeals/Objections of Magistrate Judge's Decisions to Deny Motions for Appointment of Counsel [Docket Nos. 96, 122, 148] are **DENIED**, and the Magistrate Judge's Orders Denying Appointment of Counsel [Docket Nos. 93, 118, 143] are **AFFIRMED**.

2. Plaintiff's Appeal/Objection of Magistrate Judge's Decision to Deny Motion to Compel and Motion for Fee Waiver [Docket No. 131] is **DENIED**, and the Magistrate Judge's Order [Docket No. 130] is **AFFIRMED**.

DATED: June 23, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge