**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HOLLIS J. LARSON,

                                                                Civil No. 23-1823 (JRT/DJF)

                                Plaintiff,

v.

                                                        **ORDER ADOPTING REPORT AND**
                                                        **RECOMMENDATION**

EXECUTIVE BOARD OF DIRECT CARE AND
TREATMENT, NANCY JOHNSTON, *MSOP's*
*Executive Director*; TERRANCE KNEISEL,
*MSOP's Facility Director*; JOHN BARRY,
*MSOP's Medical Director*; ELIZABETH
PETERSON*, MSOP's Assessment*
*Department Director*; GARY ANKARLO,
*MSOP Psychologist*; BLAKE CAREY, *MSOP*
*Group Supervisor*; DAVID MILES, *MSOP*
*Clinical Director*; KATIE MACDOWELL,
*MSOP Clinical Director*; DAVID
LINDLBAUER, *MSOP Primary Therapist*;
KAYLA TAYLOR, *MSOP Primary Therapist*;
NICOLE BODER, *MSOP's Health Services*
*Director*; KRISTA GILPIN, *MSOP Registered*
*Nurse*; ANDREW CHRISTENSEN, *DHS ADA*
*Coordinator*; all i*n their official capacities*,
and
DIRECT CARE AND TREATMENT, DCT,[1]

                                Defendant.

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court substitutes Direct Care and Treatment (DCT) and its governing body, the Executive Board, in place of the Minnesota Department of Human Services (DHS) and the Commissioner of DHS, which were initially named as defendants in this action.  Minnesota initially operated MSOP under DHS and Mr. Larson named DHS as a defendant for that reason.  As of July 31,2025, Minnesota operates MSOP under a new state entity, DCT, under Minn. Stat. § 246C.13.

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN, 55767, *pro se* Plaintiff.

James G. Heelan, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, St. Paul, MN, 55101, for Defendant Direct Care and Treatment.

After the Court dismissed several of Plaintiff Hollis Larson's claims (*see* Docket No. 87), all remaining Defendants moved for summary judgment on Plaintiff Hollis Larson's remaining claims.  Larson's surviving claims allege unlawful punishment under the Fourteenth Amendment and discrimination under state and federal statutes.  Magistrate Judge Dulce J. Foster issued a Report and Recommendation (R&R) recommending that the Court grant Defendants' summary judgment motion and dismiss Larson's remaining claims with prejudice.  (Dec. 30, 2025, Docket No. 187.)  Larson timely objected to the R&R.  Because the Court finds that no disputes of material fact remain and that Larson's claims fail as a matter of law, the Court will adopt the R&R, grant Defendants' motion, and dismiss Larson's remaining claims with prejudice.

## BACKGROUND

The R&R set forth the facts and procedural history relevant to this motion for summary judgment, and the Court incorporates them by reference here.  (R&R at 2–11.)

## DISCUSSION

### I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2);

accord D. Minn. LR 72.2(b)(1).   "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 7-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); accord D. Minn. LR 72.2(b)(3).  Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review but rather are reviewed for clear error.  *See, e.g.*, *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d. 1012, 1017 (D. Minn. 2015).

Larson is proceeding pro se.  A document filed by a pro se litigant must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    ANALYSIS

The Magistrate Judge concluded that summary judgment for Defendants was appropriate on Larson's remaining claims.  The Court will address Larson's objections to these recommendations in turn.

### A.    Unlawful Punishment

The Magistrate Judge concluded that Larson's claim under the Fourteenth Amendment could not prevail, and that summary judgment for Defendants was warranted.  First, the Magistrate Judge noted that *Karsjens v. Harpstead* forecloses any facial challenge to the MSOP disciplinary policies to which Larson objects.  74 F.4th 561 (8th Cir. 2023).  Second, to the extent Larson brings an as-applied challenge to MSOP's disciplinary policies, the Magistrate Judge concluded that none of Larson's allegations amount to punishment that is unlawful under the Fourteenth Amendment.  The Magistrate Judge concluded that "[t]here is no evidence in the record showing" that MSOP's custody decisions regarding Larson were "intentionally punitive."  (R&R at 14.)  The Magistrate Judge also concluded that MSOP's decisions were "related to legitimate non-punitive governmental purposes."  (R&R at 14.)  Larson objects to the Magistrate Judge's conclusion that his allegations do not amount to a Fourteenth Amendment violation.  (*See generally*, Obj. to R&R, Docket No. 188, Jan. 20, 2026.)

To determine whether a punishment is unduly punitive and runs afoul of the Fourteenth Amendment courts consider whether the condition of confinement is "rationally related to a legitimate governmental objective," and whether it is "excessive in relation to that purpose."  *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).  The Magistrate Judge concluded Larson's custody placements and restrictions were sufficiently related to the government's interest in ensuring the "security of the facility and the people inside,"

which are "plainly legitimate and nonpunitive" interests.  (R&R at 15.)  The Magistrate

Judge discussed the uncontested facts that Larson "threatened harm to himself, others,

and MSOP property," and concluded that there is "no factual or legal basis to conclude

that the imposition of [solitary confinement] was unduly punitive under the Fourteenth

Amendment."  (*Id.* at 15–16.)  Moreover, the Magistrate Judge found that none of

Larson's placements were excessive, because "while Mr. Larson's time in isolation is

extraordinary, it is commensurate with the continuing and significant safety risks he

created."  (*Id.* at 16.)

After thoroughly reviewing Larson's objections to the R&R, the Court concludes

that summary judgment for Defendants is warranted.  The conclusory statements in

Larson's objections to the R&R do not amount to anything more than a re-assertion of the

arguments he made before the Magistrate Judge, and he did not identify any disputed

facts sufficient to defeat summary judgment on his claim of unlawful punishment.  The

Court will adopt the R&R and grant summary judgment to Defendants on Larson's

Fourteenth Amendment unlawful punishment claim.

### B.      Disability Discrimination

The Magistrate Judge concluded that Larson's disability discrimination claims also

fail.  Larson continues to allege in his objection that Defendants' decisions relating to his

confinement constitute disability discrimination related to his PTSD.  (Obj. to R&R at 8.)

To establish disability discrimination under federal and state law, Larson must

show that:

(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [detention facility's] services, programs, or activities, or was otherwise subjected to discrimination by the [facility]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).  The Magistrate Judge concluded that placing Larson in isolation did not constitute disability discrimination, finding "no basis to conclude Defendants discriminated against Mr. Larson because of his PTSD, or that Mr. Larson's PTSD required a reasonable accommodation."  (R&R at 23.)

Again, aside from conclusory statements reasserting his prior arguments, Larson's objections present no basis to reject the recommendations of the Magistrate Judge. Larson has not presented facts sufficient to defeat Defendants' motion for summary judgment on his claim of disability discrimination.  The Court will therefore adopt the R&R and grant summary judgment to Defendants.

## CONCLUSION

Because no genuine disputes of material fact remain as to Larson's claim of unlawful punishment under the Fourteenth Amendment or his claim of disability discrimination, the Court will grant Defendants' motion for summary judgment and will dismiss Larson's remaining claims with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

-7-

1. The Report and Recommendation of the Magistrate Judge (Docket No. [187]) is

   **ADOPTED**;

2. Defendants' Motion for Summary Judgment (Docket No. [164]) is **GRANTED;**

3. This action is **DISMISSED with prejudice.**


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 7, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                             United States District Judge